# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | 1:09-cv-02021-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY |
| v. | (Doc. 9.) |
| PAM AHLIN, et al., | |
| Defendants. | |

Denis K. Rotroff ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action, and a motion for preliminary injunction, on November 17, 2009.  (Docs. 1, 3.)  On November 20, 2007, the Court sent service documents to Plaintiff for completion and return to the Court.  (Doc. 6.)  On December 2, 2009, Plaintiff submitted the completed service documents, and on December 3, 2009, the Court issued an order directing the United States Marshal to serve the summons, complaint, and motion for preliminary injunction, upon defendants Ahlin and Mayberg.  (Docs. 7, 8.)  To date, no defendant has made an appearance in this action.

On December 7, 2009, Plaintiff filed a motion for expedited discovery.  (Doc. 3.) Plaintiff argues that the Court should open discovery in this action so that he may seek discovery material from defendants in preparation for the Court's hearing on Plaintiff's pending motion for preliminary injunction.

1   First, Plaintiff is advised that he should not anticipate oral argument at an in-court hearing for his motion.  Under Local Rule 78-230(m), "[A]ll motions, except motions to dismiss for lack of prosecution, filed in cases where one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court[, and S]uch motions need not be noticed on the motion calendar."  Plaintiff is a civil detainee proceeding pro se.  Therefore, unless the Court orders otherwise, the motion for preliminary injunction shall be resolved on the pleadings submitted by Plaintiff and the defendants, without a formal hearing.

Second, Plaintiff is advised that the Court lacks jurisdiction, at this stage of the proceedings, to issue the discovery order requested by Plaintiff.  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Because no defendant has made an appearance in this action to date, the Court may not attempt to determine defendants' rights.  Therefore, the Court lacks jurisdiction at this juncture to order the defendants in this action to participate in discovery.  Plaintiff's motion shall be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for expedited discovery is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 9, 2009**          /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE